﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 200312-71469
DATE: June 16, 2020

ORDER

Entitlement to survivor (death) pension based on the appellant's net worth is denied.

FINDING OF FACT

The appellant’s net worth at the time she filed her claim was $135,467.00. 

CONCLUSION OF LAW

The criteria for entitlement to death pension based on the appellant's net worth have not been met. See 38 U.S.C. §§ 1543; 38 C.F.R. §§ 3.3(a), 3.23, 3.274.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in February 2020. In March 2010, the appellant elected the modernized review system. 38 C.F.R. § 19.2 (d).

Entitlement to survivor (death) pension based on the appellant's net worth 

The appellant must meet the income and net worth requirements found in 38 C.F.R. § 3.274 to establish entitlement to pension. See 38 U.S.C. §§ 1543; 38 C.F.R. §§ 3.3(a), 3.23, 3.274.

Effective October 18, 2018, VA amended some of its regulations regarding net worth, asset transfers, and income exclusion as they pertain to nonservice-connected pensions. See 83 Fed. Reg. 47246 (Sep. 18, 2018). Relevant to the present case are revisions to 38 C.F.R. § 3.274 (a), which dictate that, for purposes of entitlement to nonservice-connected pension benefits, the net worth limit effective October 18, 2018, is $123,600. 38 C.F.R. § 3.274 (a). This limit will be increased by the same percentage as the Social Security increase whenever there is a cost of living increase in benefit amounts payable under section 215(i) of title II of the Social Security Act (42 U.S.C. 415 (i)). Furthermore, VA will deny or discontinue pension if a claimant’s or beneficiary’s net worth exceeds the net worth limit.

Net worth means the sum of a claimant’s or beneficiary’s assets and annual income. Under 38 C.F.R. § 3.275 (a)(1), assets mean the fair market value of all property an individual owns, including all real and personal property, unless excluded. The claimant’s primary residence is not included as part of the value of his or her assets. See 38 C.F.R. § 3.275 (b)(1).

The RO denied payment of NSC pension with special monthly pension based on the appellant’s net worth. In her September 2019 Application for DIC, Death Pension, and/or Accrued Benefits, the appellant identified having $25,873.00 in a non-interest-bearing bank account, $2,694.00 in an interest-bearing bank account, and $106,901.00 in stocks, bonds, or mutual funds. In a September 2019 Income and Asset Statement, the appellant identified the following assets: $25,873.00 in a Bank of America account, $2,694.00 in Grow Fund, $24,055.00 in Fidelity Investments, and $82,845.00 in TD Ameritrade. Therefore, that the appellant had a net worth of $135,467.00 at the time she submitted her claim. The Board finds that the appellant’s net worth was over $123,600.00 and is a bar to the receipt of pension benefits.

The Board notes that subsequent to the Decision Review Request, evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims of entitlement to death pension, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The record shows that the appellant has filed a February 2020 Supplemental Claim. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. 

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Christine C. Kung

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.